# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case Nos. 2018-0301 and 2018-0395, <u>John F. Best, Jr. v. MTGLQ Investors, L.P.</u>, the court on February 28, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, John F. Best, Jr., appeals orders of the Superior Court (<u>Wageling</u>, J.) denying his complaints seeking to enjoin the defendant, MTGLQ Investors, L.P., from foreclosing upon his property.  We construe his brief to argue that the trial court erred by:  (1) not recusing herself; (2) not holding a jury trial; (3) allowing the defendant's attorney to present his argument after the plaintiff left the courtroom and the court informed him that the hearing would continue in his absence; (4) not acknowledging that, by not answering the plaintiff's questions, the defendant's counsel established that the plaintiff's debt did not exist; (5) concluding that the plaintiff's claims were barred by res judicata; (6) "ignoring the treason that is being committed against us by Congress . . . since . . . 1913" when the Federal Reserve was established; (7) "refusing to acknowledge that all money coined by the Federal Reserve violates . . . the Constitution, is thus counterfeit and cannot exist"; and (8) not finding that the plaintiff's mortgage is "an act of fraud and voided."

We first address whether the trial court erred by not granting the plaintiff's oral motion to disqualify the trial court judge because the defendant's counsel allegedly "was allowed to lie."  We have reviewed the record in this case and cannot say either that a reasonable person would have questioned Judge Wageling's impartiality or that any factors that would have <u>per se</u> disqualified Judge Wageling were present.  <u>See</u> <u>State v. Bader</u>, 148 N.H. 265, 268, 270 (2002).  The mere fact that the trial court issued adverse decisions does not establish the trial court's bias.  <u>See</u> <u>id</u>. at 270-71.

As the appealing party, the plaintiff has the burden of demonstrating reversible error.  <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's orders, the plaintiff's challenges to them, the relevant

law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

<b>Eileen Fox,<br>Clerk</b>